**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Steven Francis GIANANDREA,**
**Defendant—Appellant.**

**No. 01–10380.**

**D.C. No. CR–00–00350–CAL.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Decided March 21, 2002.

Before REINHARDT, FISHER, Circuit Judges, and MOLLOY, District Judge.*

MEMORANDUM**

Steven F. Gianandrea ("Gianandrea") appeals his conviction for three counts of bankruptcy fraud relating to his "ownership" of certain real property. The trial involved three separate parcels. Gianandrea was convicted of concealing his "ownership interest" in one of the properties on his Chapter 11 bankruptcy petition, in violation of 18 U.S.C. § 152(1), making false statements regarding his "ownership interest" in one or more of the properties on his Chapter 11 Schedules and Statement of Financial Affairs in violation of 18 U.S.C. § 152(2), and making false statements regarding his "ownership interest" in one or more of the properties at the first meeting of creditors in violation of 18 U.S.C. § 152(3). He was acquitted of concealing his "ownership interest" in two of the properties on his Chapter 11 bankruptcy petition.

---

* The Honorable Donald Molloy, United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## A. Erroneous Jury Instructions on the Good Faith Defense

■ Although taken in part from the model jury instructions in O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions* § 19.06, the court's instruction regarding Gianandrea's good faith defense omitted a crucial statement contained in the model instructions and proposed by the defense. The omitted portion explained that the government retained the burden of *disproving* the good faith defense raised by the defendant. The Supreme Court has held that the government is required to disprove a good faith defense in tax fraud cases, which like the bankruptcy fraud offenses Gianandrea was convicted of, have a knowledge requirement. *Cheek v. United States*, 498 U.S. 192, 202, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991) (holding that to carry its burden of the knowledge component of the willfulness requirement, the government was required to "negat[e] a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws."). Similarly, the government is required to disprove the good faith defense here.

The court's omission constitutes error because it likely left confusion in the jury's mind as to where the burden of proof lay with respect to the good faith defense, and how high that burden was. Although the government argues that this omission was cured by the court's numerous instructions that the government had to prove all of the *elements* of the charges beyond a reasonable doubt, the good faith defense was not presented *as one of the elements*, but was presented as a separate defense.[1] Given the equivocal nature of the evidence going to Gianandrea's good faith, it is possible that juror confusion over the burden may have caused the jury to convict him where it might not have done so had it known that the government had to *disprove* good faith beyond a reasonable doubt.

## B. Erroneously Admitted Testimony on the Public's Perception of the Bankruptcy System

■ Gianandrea contends that the district court erred in admitting, over the defense's objection, the answers to questions posed by the government to two of its witnesses: the standing trustee appointed by the United States Trustee to administer Gianandrea's bankruptcy and the attorney from the United States Trustee's office supervising the bankruptcy. The bankruptcy officials were asked about the effect that bankruptcy fraud has on the public's perception of the bankruptcy system, and they replied that bankruptcy fraud undermines public confidence in the validity of the system by leading the public to believe the bankruptcy system is a "scam." This testimony had absolutely no probative value, did not help the jury understand the substance of the offenses Gianandrea was charged with, had the po-

---

**1.** There is case law in this circuit holding that "the failure to give an instruction on a 'good faith defense' is not fatal so long as the court clearly instructed the jury as to the necessity of 'specific intent' as an element of the crime." *U.S. v. Solomon*, 825 F.2d 1292, 1297 (9th Cir.1987). *See also U.S. v. Sarno*, 73 F.3d 1470, 1476 (9th Cir.1995)(quoting *Solomon*). Without commenting on the correctness or incorrectness of this rule, it is certainly true that where no good faith de-

fense instruction is given, it is clear to the jury that the government retains the burden of proving specific intent to defraud beyond a reasonable doubt. Where, as here, the court completes the instructions on the elements of the charges, and then proceeds to give a separate set of instructions on the defenses without specifically instructing the jury what the burdens are for the defenses, the court leaves the jury unclear as to its deliberation and commits error.

tential of distracting the jury from the question of Gianandrea's guilt or innocence, and was highly prejudicial.

## C. Cumulative Prejudice

The government's case against Gianandrea was a close one, and the proof of several of the elements hung almost exclusively on the ambiguous testimony offered by the defendant's brother. Weighing the two errors cumulatively, in light of the closeness of the case, we conclude that these errors more likely than not affected the verdict. Accordingly, we reverse Gianandrea's conviction on all counts.[2]

REVERSED AND REMANDED.

---

**2.** Bail was denied by the district court and a motions panel of this court on the ground that the defendant's appeal failed to raise a substantial question. At the time of oral argument, the defendant had already served all of the jail time of his ten-month sentence and was under home confinement for the remainder of his term. We ordered his immediate release.

While it is sometimes difficult to determine at the time of a bail hearing whether a substantial question exists, it might be best in cases such as this if courts erred on the side of not requiring that sentences be served before appeals can be heard. This is especially true when there is no threat to the community and no risk the defendant will abscond.